UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CAREL INNIS, | Case No. 2:24-cv-00395-RFB-EJY |
| Plaintiff, | |
| v. | **ORDER** |
| Z. PIEKARSKI, LVMPD, | |
| Defendants. | |

Pending before the Court is Plaintiff's Application to Proceed *in forma pauperis* ("IFP"), which was prepared on the Clark County, District Court form but which nonetheless includes all of the information required by the U.S. District Court for the District of Nevada. ECF No. 1. The IFP application is granted.

**I.      Screening Standard**

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship*

*v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear the complaint's deficiencies could not be cured through amendment, a *pro se* plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

## II.      Plaintiff's Complaint

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988). General allegations of wrongdoing in the absence of an identified claim does not satisfy these requirements. *Id.* Because § 1983 "is not itself a source of substantive rights," but merely provides "a method for vindicating federal rights elsewhere conferred," the first step is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (internal quotations omitted).

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to plead not only sufficient facts to give a defendant fair notice of the claims against him, but also the grounds upon which it rests. *Yamaguchi v. United States Department of the Air Force*, 109 F.3d 1475, 1481 (9th Cir. 1997) (citations omitted). "[A] pleading may not simply allege a wrong has been committed and demand relief." *Sherrell v. Bank of Am., N.A.*, Case No. CV F 11-1785-LJO (JLT), 2011 WL 6749765, at *4 (E.D. Cal. Dec. 22, 2011).

Here, Plaintiff's Complaint alleges she was in handcuffs when searched by two Las Vegas Metropolitan Police Department ("LVMPD") Officers (Officer Piekarski and a second officer whose name is apparently not known). Plaintiff states she asked that a female officer search her; however, the male officers continued the search placing their hands under her t-shirt and bra claiming no female officer was available. Plaintiff says after the search, the Defendant officers called for a female officer. Plaintiff asserts a Fourth Amendment violation based on these facts.

In determining the reasonableness of a search under the Fourth Amendment, the Court must balance "the need for the particular search against the invasion of personal rights that the search entails." *Bell v. Wolfish*, 441 U.S. 520, 559 (1979).  Specific to Plaintiff's Complaint, the Court located no case finding a pat-down search of a woman by a male officer is a *per se* violation of the Fourth Amendment.  As one district court in the Ninth Circuit stated: "no court has held that there is a constitutional right to a same-sex search where the search does not involve a strip search.  In fact, several courts have held to the contrary." *Zayas v. Ortega*, Case No. 17-cv-02739-EMC, 2018 WL 11227735, at *10 (N.D. Cal. Aug. 10, 2018) *citing Le v. Bava*, No. C15-1165JLR, 2016 WL 3003224, at *5, … (W.D. Wash. May 20, 2016) (stating that "there is no constitutional right to be searched by an officer of the same sex").  Further, "[t]he Ninth Circuit has explicitly recognized that 'not every truthful allegation of sexual bodily intrusion during an arrest is actionable as a violation of the Fourth Amendment[;] [s]ome bodily intrusions may be provably accidental or *de minimis* and thus constitutionally reasonable.'" *Id*. at *11 *quoting Fontana v. Haskin*, 262 F.3d 871, 880 (9th Cir. 2001).  *But see Nichols v. City of San Jose*, Case No. 14-cv-03383-BLF, 2017 WL 1398410, at *9 (N.D. Cal. Apr. 19, 2017) (denying summary judgment to defendant because plaintiff testified that defendant's conduct was "sexual in nature."  The officer did a second search of plaintiff in which he "unzipped her jacket, rubbed the skin around her waist, stomach, and back, and touched around her breasts with 'the full hand'" for what seemed like minutes; plaintiff also claimed that, when defendant slammed her against the hood of the police car, it felt as if he were aroused).

As pleaded, Plaintiff's Complaint fails to allege sufficient facts to show she suffered a Fourth Amendment violation.  While it is clear Plaintiff was understandably uncomfortable with the search performed, the facts as stated do not demonstrate the search of Plaintiff by male officers was constitutionally unreasonable under the circumstances.

**III.   Order**

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Application to proceed *in forma pauperis* (ECF No. 1) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Complaint (ECF No. 1-1) is DENIED without prejudice and with leave to amend.

1    IT IS FURTHER ORDERED that if Plaintiff chooses to file an amended complaint, she must do so no later than **April 19, 2024**. Plaintiff's amended complaint must be titled First Amended Complaint and must be filed on the Court's Civil Rights Complaint form. Plaintiff must assert all facts—sufficient facts to state a Fourth Amendment Claim as described above—against each of the defendant she seeks to sue. Plaintiff must also identify the cause or causes of action she seeks to assert. If Plaintiff files a first amended complaint the complaint must be complete in and of itself. The Court cannot refer to Plaintiff's original Complaint for any purpose when determining if the first amended complaint states a claim that may proceed in federal court.

IT IS FURTHER ORDERED that the Clerk of Court must send Plaintiff the Court's form Civil Rights Complaint and the instructions for filing the same.

IT IS FURTHER ORDERED that Plaintiff's failure to comply with the terms of this Order may result in a recommendation that this action be dismissed without prejudice.

Dated this 4th day of March, 2024.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE